# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Robert Stephen Dauenhauer II,

    Plaintiff,

v.

Michael J. Astrue, Commissioner of the Social Security Administration,

    Defendant,

CV 10-782 TUC DCB

**O R D E R**

This matter was referred to Magistrate Judge D. Thomas Ferraro, on January 5, 2011. Pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), he issued a Report and Recommendation (R&R) on November 21, 2011. (Doc. 77: R&R)**.** He recommends remanding the case to the Administrative Law Judge (ALJ) for further proceedings on Plaintiff's Application for Social Security Disability Insurance Benefits and Supplemental Security Income. Plaintiff Dauenhauer alleges an onset date of disability of January 1, 2006, but has been found disabled beginning on June 1, 2009.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a Report and Recommendation of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court does not need to review the R&R *de*

*novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

## REPORT AND RECOMMENDATION

The Honorable D. Thomas Ferraro, United States Magistrate Judge, considered two issues on appeal: whether the ALJ erred in evaluating the opinion of examining physician Dr. Escobar, and whether the ALJ failed to follow the proper two-step method for evaluating substance abuse. He found that the ALJ failed to provide a basis for rejecting Dr. Escobar's opinion prior to June 1, 2009 and should reassess the credibility of the Plaintiff regarding his symptoms prior to June 1, 2009. On remand, the ALJ should assess the entirety of the record, and if it is impossible to determine the precise date the Plaintiff's impairment became disabling, the ALJ should call on the services of a medical advisor. In evaluating whether Dauenhauer was disabled at any time prior to June 1, 2009, the ALJ should consider the impact of Dauenhauer's substance abuse prior to October 2007.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.

*Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court remands this case to the ALJ for further consideration.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation [Doc. # 18] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** remanding this case for further administrative proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 22nd day of December, 2011.

David C. Bury
United States District Judge